IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH THOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants.                       / | No. C 13-04052 DMR (PR)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** |

Plaintiff, a state prisoner, has filed a *pro se* complaint under 42 U.S.C. § 1983. Venue is proper because a substantial part of the events giving rise to the action occurred in Salinas Valley State Prison, which is located in this judicial district. *See* 28 U.S.C. § 1391(b)

On August 30, 2013, the Clerk of the Court notified Plaintiff in writing that this matter had been assigned to the undersigned Magistrate Judge.

On September 18, 2013, Plaintiff consented to magistrate judge jurisdiction in this matter.

On March 20, 2014, after being granted several extensions of time to do so, Plaintiff filed a motion for leave to proceed *in forma pauperis*, which will be granted in a separate Order.

Before the Court is Plaintiff's motion for appointment of counsel to represent him in this action.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Soc. Servs.,* 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in

1  § 1983 action), *withdrawn in part on other grounds on reh'g en banc,* 154 F.3d 952 (9th Cir. 1998)
2  (en banc).  The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only
3  in "exceptional circumstances," the determination of which requires an evaluation of both (1) the
4  likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se*
5  in light of the complexity of the legal issues involved.  *See id.* at 1525; *Terrell v. Brewer*, 935 F.2d
6  1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of
7  these factors must be viewed together before reaching a decision on a request for counsel under
8  § 1915.  *See id.*

9  The Court is unable to assess at this time whether exceptional circumstances exist which
10 would warrant seeking volunteer counsel to accept a *pro bono* appointment.  The proceedings are at
11 an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the
12 merits.  Moreover, Plaintiff has been able to articulate his claims adequately *pro se* in light of the
13 complexity of the issues involved.  *See Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th
14 Cir. 2004).  Accordingly, the request for appointment of counsel is DENIED without prejudice.
15 This does not mean, however, that the Court will not consider appointment of counsel at a later
16 juncture in the proceedings; that is, after Defendants have filed their dispositive motion such that the
17 Court will be in a better position to consider the procedural and substantive matters at issue.
18 Therefore, Plaintiff may file a renewed motion for the appointment of counsel after Defendants'
19 dispositive motion has been filed.  If the Court decides that appointment of counsel is warranted at
20 that time, it will seek volunteer counsel to agree to represent Plaintiff *pro bono*.

21 The Court will review Plaintiff's complaint is a separate written Order.

22 This Order terminates Docket no. 5.

23 IT IS SO ORDERED.

24 Dated: April 9, 2014

_____
DONNA M. RYU
United States Magistrate Judge