IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH PREZELL THOMAS, | No. C 13-04052 DMR (PR) |
| Plaintiff, | **ORDER OF SERVICE AND PARTIAL DISMISSAL** |
| vs. | |
| MATTHEW CATE, et al., | |
| Defendants.   / | |

Plaintiff, a state prisoner currently incarcerated at California State Prison - Sacramento ("CSP-Sacramento"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 stemming from alleged constitutional violations that occurred while he was incarcerated at Salinas Valley State Prison ("SVSP"). Plaintiff has consented to magistrate judge jurisdiction, and this matter has been assigned to the undersigned Magistrate Judge. On April 9, 2014, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP").

Venue is proper because the events giving rise to the claims are alleged to have occurred at SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In his complaint, Plaintiff states claims for deliberate indifference to his serious medical and dental needs while he was housed at SVSP from June 2010 to February 2012. Plaintiff names the following Defendants: Secretary of the California Department of Corrections and Rehabilitation ("CDCR") Matthew Cate[1]; CDCR Federal Receiver J. Clark Kelso, the California Correctional Health Care Services ("CCHCS") Chief Executive Officer Gerald Ellis; CCHCS Chiefs L. D. Zamora and N. Warren; SVSP Warden Anthony Hedgpeth; SVSP Dental Director K. Myers; SVSP Inmate Dental Service Program B. Quattlebaum; SVSP Physicians Bright, Mack, Sullivan and Tuvera; "John Doe, Director of CDCR"; and "John Doe, Chief Medical Officer." Compl. at 1. Plaintiff seeks injunctive relief and monetary damages.

---

[1] Plaintiff misspelled CDCR Secretary Matthew Cate as "Matthew Case." Compl. at 1.

**DISCUSSION**

**I.     28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "failed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes. *See id.* Dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

*Andrews* requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. *Id. Andrews* implicitly allows the Court to *sua sponte* raise the § 1915(g) bar, but requires the Court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *See id.* at 1120. A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

2

1   At the time Plaintiff was granted leave to proceed IFP, the Court was unaware of the basis of
2   the dismissals of his cases in other districts, i.e., the United States District Court for the Eastern
3   District of California.  However, a review of the dismissal orders in Plaintiff's prior prisoner actions
4   reveals that he has had at least three such cases dismissed on the ground that they failed to state a
5   claim upon which relief may be granted.  The following dismissals may be counted as dismissals for
6   purposes of § 1915(g):  (1) *Thomas v. Gomez*, No. Civ. F 00-5497 AWI DLB (E.D. Cal. Sept. 11,
7   2000) (civil rights action dismissed for failure to state a claim upon which relief may be granted);
8   (2) *Thomas v. Nicholus*, No. Civ. F 99-6377 OWW HGB (E.D. Cal. Oct. 11, 2000) (same); and
9   (3) *Thomas v. Gomez*, No. Civ. F 99-6662 REC DLB (E.D. Cal. Oct. 12, 2000) (same).

10   The Court finds that, pursuant to *Andrews*, 398 F.3d at 1121, Plaintiff has been given notice
11   of the potential applicability of § 1915(g) because he acknowledged in his complaint that he has
12   brought 3 or more actions in a court of the United States that were dismissed on the grounds that
13   they failed to state a claim upon which relief may be granted.  Compl. at 5-7.

14   Plaintiff therefore may proceed IFP only if he is seeking relief from a danger of serious
15   physical injury which is "imminent" at the time of filing.  *See Abdul-Akbar v. McKelvie*, 239 F.3d
16   307, 312 (3d Cir. 2001) (en banc); *Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999);
17   *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir.
18   1998).  In his complaint, Plaintiff claims that he is under imminent danger of further serious physical
19   injury.  Compl. at 5.  Specifically, he claims that he "suffer[s] pain from severe gingival
20   inflammation and palpation and severe periodontitis."  *Id.*  He further alleges that the "dental
21   symptom[s] [he] describe[s] are at least as serious as those that the Court and other circuits
22   previously have deemed sufficient to trigger the imminent danger exception."  *Id.*  Because
23   Plaintiff's allegation that he falls under the "imminent" danger exception could allow him to meet his
24   burden of showing that § 1915(g) does not bar pauper status for him, a dismissal under § 1915(g)
25   may not be proper at this time.  In view of this, leave to proceed IFP may not have been granted
26   erroneously.  Thus, the Court will review the complaint and serve Defendants, as explained below.
27   If Defendants choose to argue that Plaintiff's IFP should be revoked, i.e., challenging whether he
28   falls under the "imminent" danger exception to dismissal under § 1915(g), then the Court will

**United States District Court**
For the Northern District of California

1 consider such an argument at that juncture.

## II. Review of Complaint

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

#### 1. Injunctive Relief Claims

Plaintiff seeks both injunctive relief (for certain medical and dental treatments) and money damages (including compensatory and punitive damages). The jurisdiction of the federal courts depends on the existence of a "case or controversy" under Article III of the Constitution. *PUC v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996). A claim is considered moot if it has lost its character as a present, live controversy, and if no effective relief can be granted: "Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented." *Flast v. Cohen*, 392 U.S. 83, 95 (1968). Where injunctive relief is involved, questions of mootness are determined in light of the present circumstances. *See Mitchell v. Dupnik*, 75 F.3d 517, 528 (9th Cir. 1996).

When an inmate has been transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot. *See Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995). A claim that the inmate might be re-transferred to the

4

prison where the injury occurred is too speculative to overcome mootness. *Id.*

When Plaintiff filed his original complaint, he alleged unconstitutional conditions of confinement during the period of his confinement at SVSP from June 2010 through February 2012. As mentioned above, Plaintiff seeks injunctive relief to remedy these alleged injuries. However, Plaintiff has been incarcerated at CSP-Sacramento since the time he filed his complaint until the present. Because Plaintiff has not been incarcerated at SVSP since at least February 2012, to the extent he seeks injunctive relief from the conditions of his confinement at SVSP those claims are DISMISSED as moot.[2] The Court proceeds to review Plaintiff's remaining claims for damages.

### 2. Deliberate Indifference Claims

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle v. Gamble*, 429 U.S. at 104). Serious medical needs may include dental care needs. *See Hunt v. Dental Dep't.*, 865 F.2d 198, 200 (9th Cir. 1989). A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

#### a. Dental Needs

Plaintiff alleges that he suffers from dental issues and pain in his gums due to missing teeth.

---

[2] Moreover, should Plaintiff seek to allege that some or all of his claims extend to the conditions of his confinement at CSP-Sacramento, those claims must be brought in a separate lawsuit in the United States District Court for the Eastern District of California, the proper venue for claims arising in Sacramento County, where CSP-Sacramento is located. See 28 U.S.C. § 1391(b); 28 U.S.C. § 84(d).

Compl. at 4. Plaintiff claims that his requests for "off site dental treatment for implants" and emergency dental treatment were denied by Defendants Myers, Ellis, Warren and Quattlebaum. *Id.* Liberally construed, the complaint states cognizable Eighth Amendment claims against these Defendants for deliberate indifference to Plaintiff's dental needs.

### b. Medical Needs

Plaintiff alleges that he suffers from osteoarthritis in both hips. *Id.* at 8. Plaintiff claims that his requests for physical therapy, medical marijuana to treat his persistent hip pain, and a referral to a specialist were denied by Defendants Sullivan, Mack, Tuvera, Bright, Ellis, Warren and Zamora. *Id.* at 4-5. Liberally construed, the complaint states cognizable Eighth Amendment claims against these Defendants for deliberate indifference to Plaintiff's serious medical needs.

### 3. Claims Against Defendants Hedgpeth, Cate, Kelso and "John Does"

Plaintiff alleges that all of the Defendants were directly aware of his situation, except for Defendants Hedgpeth, Cate and Kelso, as well as "John Doe, Director of CDCR" and "John Doe, Chief Medical Officer." Plaintiff does not allege facts demonstrating that the aforementioned Defendants directly violated his federal rights, but seems to claim that these Defendants are liable based on the conduct of their subordinates, the remaining Defendants. There is, however, no *respondeat superior* liability under § 1983 solely because a defendant is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, Plaintiff must allege that each Defendant, as a supervisor, "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Plaintiff has not made such a claim.

Accordingly, Plaintiff's supervisory liability claim against these Defendants is DISMISSED without prejudice.

In addition, Plaintiff's claim against "John Doe, Director of CDCR" and "John Doe, Chief Medical Officer" is essentially a Doe Defendant claim. The use of Doe defendants is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. *Id.* Failure to afford the plaintiff such an opportunity is error. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).

6

1  Accordingly, the claims against Defendants "John Doe, Director of CDCR" and "John Doe Chief
2  Medical Officer" are DISMISSED from this action without prejudice.  Should Plaintiff learn these
3  Doe Defendants identity through discovery, he may move to file an amended complaint to add them
4  as named defendants.  *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's claims for injunctive relief are DISMISSED.

2. Plaintiff's complaint states cognizable Eighth Amendment claims against Defendants Myers, Ellis, Warren and Quattlebaum for deliberate indifference to Plaintiff's dental needs.

3. Plaintiff's complaint states cognizable Eighth Amendment claims against Defendants Sullivan, Mack, Tuvera, Bright, Ellis, Warren and Zamora for deliberate indifference to Plaintiff's medical needs.

4. Plaintiff's supervisory liability claim against Defendants Hedgpeth, Cate and Kelso, as well as "John Doe, Director of CDCR" and "John Doe, Chief Medical Officer" is DISMISSED without prejudice.

5. Plaintiff's claims against Doe Defendants "John Doe, Director of CDCR" and "John Doe, Chief Medical Officer" are DISMISSED from this action without prejudice to filing an amended complaint to add them as named defendants once Plaintiff learns of their names through discovery.

6. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (dkt. 1), a Magistrate Judge jurisdiction consent form, and a copy of this Order to the following Defendants: **CCHCS Chief Executive Officer Gerald Ellis; CCHCS Chiefs L. D. Zamora and N. Warren; SVSP Dental Director K. Myers; SVSP Inmate Dental Service Program B. Quattlebaum; SVSP Physicians Bright, Mack, Sullivan and Tuvera.**  The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

7. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

8. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

   a. No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[3] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the *new* law of the circuit, in the rare event that a failure to exhaust is clear on

---

[3] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

the face of the complaint, Defendants may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, No. 10-55702, slip op. at 4 (9th Cir. Apr. 3, 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the PLRA, should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is *not* clear on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56. *Id.* at 4-5. But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 5, 10.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

        b.        Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

        c.        Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in

9

1 opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is
2 granted, your case will be dismissed and there will be no trial.  *Rand*, 154 F.3d at 962-63.

3       Plaintiff also is advised that -- in the rare event that Defendants argue that the failure to
4 exhaust is clear on the face of the complaint -- a motion to dismiss for failure to exhaust available
5 administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without
6 prejudice.  To avoid dismissal, you have the right to present any evidence to show that you did
7 exhaust your available administrative remedies before coming to federal court.  Such evidence may
8 include: (1) declarations, which are statements signed under penalty of perjury by you or others who
9 have personal knowledge of relevant matters; (2) authenticated documents -- documents
10 accompanied by a declaration showing where they came from and why they are authentic, or other
11 sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint
12 insofar as they were made under penalty of perjury and they show that you have personal knowledge
13 of the matters state therein.  As mentioned above, in considering a motion to dismiss for failure to
14 exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the
15 district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to
16 this portion of the case.  *Albino*, slip op. at 5, 10.

17       (The notices above do not excuse Defendants' obligation to serve similar notices again
18 concurrently with motions to dismiss for failure to exhaust available administrative remedies and
19 motions for summary judgment.  *Woods*, 684 F.3d at 935.)

20       d.    Defendants shall file a reply brief no later than **fourteen (14) days** after the
21 date Plaintiff's opposition is filed.

22       e.    The motion shall be deemed submitted as of the date the reply brief is due.
23 No hearing will be held on the motion unless the Court so orders at a later date.

24     9.    Discovery may be taken in this action in accordance with the Federal Rules of Civil
25 Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose
26 Plaintiff and any other necessary witnesses confined in prison.

27     10.    All communications by Plaintiff with the Court must be served on Defendants or their
28 counsel, once counsel has been designated, by mailing a true copy of the document to them.

11.     It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

12.     Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

Dated: May 12, 2014

DONNA M. RYU
United States Magistrate Judge