UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEITH THOMAS,

    Plaintiff,

v.

GERALD ELLIS, et al.,

    Defendants.

Case No. 13-cv-04052-VC

**ORDER GRANTING DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IFP STATUS UNDER SECTION 1915(G); DISMISSING COMPLAINT; AND DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL**

Re: Dkt. Nos. 62, 63, 73

Plaintiff Keith Thomas, a state prisoner currently incarcerated at Kern Valley State Prison, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for alleged constitutional violations that occurred while he was incarcerated at Salinas Valley State Prison ("SVSP"). On April 9, 2014, the Court granted Thomas' motion for leave to proceed *in forma pauperis* ("IFP"). However, in a May 12, 2014 Order, the Court noted, "at the time Plaintiff was granted leave to proceed IFP, the Court was unaware of the basis of the dismissals of his cases in other districts, i.e., the United States District Court for the Eastern District of California. However, a review of the dismissal orders in Plaintiff's prior prisoner actions reveals that he has had at least three such cases dismissed on the ground that they failed to state a claim upon which relief may be granted" which qualify as strikes under 42 U.S.C. § 1915(g). Dkt. No. 23. The Court reviewed Thomas's complaint and served two cognizable claims, but stated that, if the defendants argued "that Plaintiff's IFP should be revoked, i.e., challenging whether he falls under the 'imminent' danger exception to dismissal under § 1915(g), then the Court will consider such an argument at that juncture." The Court found two claims were cognizable: (1) an Eighth Amendment claim for deliberate indifference to serious dental needs; and (2) an Eighth Amendment claim for deliberate indifference to serious medical needs.

The defendants move to revoke Thomas' IFP status under 28 U.S.C. § 1915(g), arguing that Thomas was not in imminent danger at the time he filed his complaint. For the reasons stated

below, the Court grants the motion.

## DISCUSSION

The Prison Litigation Reform Act of 1995 provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Because the Court has found that Thomas has three dismissals that qualify as strikes under § 1915(g), he may proceed IFP only if he was in imminent danger at the time he filed his complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).

The "imminent danger" exception "applies if the complaint makes a plausible allegation that the prisoner faced imminent physical danger at the time of filing" the complaint. *Id.* at 1055. The complaint is the focus of the inquiry. *Id.*; *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc). But courts may reject allegations that are "overly speculative and fanciful." *Andrews*, 493 F.3d at 1056-57, n.11. The plaintiff must show a nexus between the imminent danger alleged in the complaint and the claims it asserts. *Pettus v. Morgenthau*, 554 F.3d 293, 299 (2nd Cir. 2009). This means that the plaintiff must show that: (1) the imminent danger of serious physical injury is fairly traceable to the unlawful conduct asserted in the complaint; and (2) a favorable judicial outcome would redress that injury. *Id.* A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action. *Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).

Thomas filed his complaint on August 30, 2013 when he was incarcerated at California State Prison—Sacramento ("CSP"). With respect to the claim based on dental treatment, the complaint alleges that, from June 2010 to February 2012, while Thomas was an inmate at SVSP, he was denied a dental implant even though he suffered from "severe gingival inflammation and palpation and severe periodontitis." With respect to the claim based on medical treatment, the complaint alleges that, in 2010 while Thomas was at SVSP, various doctors denied his request for

a consultation with a specialist about arthritis in his hip, which caused him persistent pain. He also alleges that he was denied medical marijuana, without which he cannot obtain relief from his pain.

Thomas filed his complaint on August 30, 2013 when he was at CSP. Because the allegations are about conduct that occurred in 2010 through early 2012 at SVSP, they do not show that, on August 30, 2013, Thomas was in imminent danger as a result of the defendants' alleged actions. In other words, no nexus exists between the imminent danger alleged in the complaint and the claims it asserts. Therefore, the defendants' motion to revoke Thomas' IFP status is granted and the action is dismissed without prejudice to Thomas filing it as a paid complaint.

In light of the revocation of Thomas' IFP status and the dismissal of this action, Thomas' two motions for appointment of counsel are denied.

**CONCLUSION**

Based on the foregoing, the Court orders as follows:

1. The defendants' motion to revoke Thomas' IFP status is granted. Dkt. No. 63. The Court's order granting Thomas' IFP status is vacated, Dkt. No. 19, and his IFP status is revoked.

2. Thomas' motions for appointment of counsel are denied. Dkt. Nos. 62 and 72.

3. This case is dismissed without prejudice to Thomas filing a paid complaint.

4. The Court certifies that any appeal taken from this order is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

5. The Clerk of the Court shall terminate all pending motions, enter a separate judgment and close the file.

**IT IS SO ORDERED**.

Dated: March 31, 2015

_____
VINCE CHHABRIA
United States District Judge